# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES R. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0553-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ'S DECISION

Plaintiff Charles Hunter seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Hunter alleges he became disabled as of December 15, 2007, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

In the instant case, the administrative law judge ("ALJ") found that Plaintiff had a severe back impairment but retained the residual functional capacity ("RFC") to perform work at the light exertional level with additional postural limitations. Plaintiff, however, contends: (1) the ALJ erred in assessing his RFC, improperly relying on opinions of non-examining physicians; and (2) the ALJ improperly relied on defective vocational expert ("VE") testimony.

### A. The ALJ properly assessed Plaintiff's RFC.

Incorporating all impairments and restrictions he found credible, the ALJ determined that Plaintiff suffered a severe impairment of a back disorder and retained the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) without crawling, kneeling, crouching, squatting, lifting from floor level, repetitive overhead reaching or lifting, and only occasional bending. R. at 12-15. Plaintiff argues that the ALJ's determination of his RFC is not based upon all of the relevant evidence and fails to consider whether Plaintiff had the ability to perform at the specified RFC level on a day-to-day basis.

Specifically, Plaintiff argues that in calculating his RFC, the ALJ failed to properly assess the medical opinions of record and improperly evaluated Plaintiff's credibility. However, the record indicates that the ALJ properly evaluated the medical opinions and the Plaintiff's credibility, appropriately considering "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." R. at 15. Thus, for the following reasons, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the ALJ's determination was based on substantial evidence and

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

properly included only Plaintiff's credible limitations. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

**1. The ALJ's assessment of medical opinions was supported by substantial evidence.**

Plaintiff first argues that the ALJ's RFC determination is not supported by substantial evidence of record because the ALJ failed to provide an accurate representation of the opinion of Plaintiff's physician, Dr. Kelly, noting only the portions of Dr. Kelly's evaluation that support the RFC determination. Specifically, Plaintiff argues that the ALJ failed to observe that Dr. Kelly found Plaintiff to have degenerative disc disease and arthritis and failed to recognize Dr. Kelly's statement that when Plaintiff's condition was severe, he could not perform many of the same functions he could perform on days when his condition was less severe.

In his evaluation, Dr. Kelly indicated that Plaintiff had minimal exertional limitations except when his back was "acting up." R. at 14, 452-57. While Dr. Kelly noted that Plaintiff's history indicated he could "do fairly well with tasks," Dr. Kelly did observe that because Plaintiff reported serious back problems on an "intermittent and unpredictable" basis, such problems "may interfere with sustaining work." R. at 448-49. However, Dr. Kelly's own physical examination revealed that Plaintiff had good muscle strength and satisfactory gait without the use of any assistive devices. Dr. Kelly's opinion about Plaintiff's functional limitations was, therefore, influenced by Plaintiff's subjective statements of pain, not objective medical evidence, and the ALJ discounted it accordingly.

Plaintiff also argues that the ALJ improperly relied on the opinions of State agency employees who never examined him. However, State agency consultants are "highly qualified physicians" who are "experts in Social Security disability evaluation." 20 C.F.R. §§

4

404.1527(f)(2)(i); SSR 96-6p. Their opinions may provide support for the ALJ's RFC assessment, and, therefore, the ALJ properly used them in rendering his RFC determination.

   **2. The ALJ properly assessed Plaintiff's credibility.**

Plaintiff also argues that in calculating his RFC, the ALJ did not properly account for Plaintiff's subjective complaints of pain, discounting Plaintiff's evidence that he frequently needed assistance from his mother to perform daily living activities. However, the ALJ explicitly considered Plaintiff's subjective allegations, finding that to the extent that these allegations about the intensity and persistence of pain were inconsistent with the RFC, they were not credible.

The ALJ's credibility finding must be affirmed if it is supported by substantial evidence on the record as a whole. When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski*, 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935.

In discounting Plaintiff's credibility, the ALJ relied on the inconsistencies between Plaintiff's assertions and the substantial evidence of record. For example, although Plaintiff asserted that he experienced disabling pain, Plaintiff remained capable of living alone, mowing the lawn, repairing cars, and walking two miles at a time for exercise during his alleged period of disability. R. at 380, 388. Additionally, medical evidence indicates that Plaintiff's back was not constantly "out" as he alleged. In fact, during the hearing, Plaintiff admitted that his back had

5

not been "out" for the previous two months. Additionally, Plaintiff had not seen a doctor for one year prior to his disability hearing. R. at 15, 62, 63. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, she would have sought regular medical treatment.").

The ALJ also properly considered the fact that Plaintiff did not take prescription medication for his allegedly disabling pain. Plaintiff stopped taking his prescribed medication one month after it was prescribed and did not seek alternative medications. In fact, Plaintiff's primary care physician, Dr. Adams, noted that Plaintiff had not taken any over-the-counter medications and instead "drank 3 beers" to help alleviate his pain. R. at 380. Where a Plaintiff fails to take pain medication, his allegation of disabling pain is less credible. *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (failure to take prescription pain medication is inconsistent with complaints of disabling pain).

Given the inconsistencies between Plaintiff's accounts of disabling impairments and the evidence as a whole, the Court must uphold the ALJ's credibility assessment and ultimate RFC determination.

**B. The ALJ properly relied on the Vocational Expert's testimony.**

The VE found that Plaintiff could not perform his past work but could perform other work that exists in significant number in the national economy such as price marker, small parts assembler, and electrical assembler. R. at 65-66. However, Plaintiff argues that the VE's testimony is defective because it responded to a hypothetical that did not accurately reflect all of Plaintiff's impairments. Plaintiff does not specify what additional limitations the ALJ should have included in the hypothetical. The Court finds, as discussed above, that the ALJ properly formulated an RFC that included only Plaintiff's credible limitations. Because the hypothetical

question posed to the VE included only those impairments that the ALJ found credible, and because the VE testified that Plaintiff could perform work existing in significant numbers, the ALJ properly relied on the VE's testimony in rendering his determination that Plaintiff was not disabled.  *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011).

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record.  Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 16, 2012                                     /s/ Greg Kays
                                                                            GREG KAYS, JUDGE
                                                                            UNITED STATES DISTRICT COURT